# MARSHALL CONWAY & BRADLEY

A PROFESSIONAL CORPORATION
45 BROADWAY – SUITE 740
NEW YORK, NEW YORK 10006
TELEPHONE: (212) 619-4444
TELECOPIER:(212) 962-2647

email: mcw@mcwpc.com

| | | | | |
|---|---|---|---|---|
| JEFFREY A. MARSHALL | WILLIAM J. EDWINS | ALLISON J.SEIDMAN ᐃ | JOHN C.SZEWCZUK** | **NEW JERSEY OFFICE** |
| ROBERT J. CONWAY | ANNA E. GABBAY | STACEY H. SNYDER* | | 2500 Plaza 5 |
| CHRISTOPHER T. BRADLEY | ADAM J. GOLUB* | ANDREW S. TAYLOR | | Harborside Financial Center |
| NORMAN J. GOLUB* | MARCI D. MITKOFF* | LAUREN TURKEL | | Jersey City, N.J. 07311 |
| MICHAEL S. GOLLUB ᐃ | THOMAS J. NEMIA ᐃ*^ | STEVEN M. ZIOLKOWSKI* | | Telecopier: (201) 521-3180 |
| AMY S. WEISSMAN* | RAMY ODEH | | | |
| GUY P. DAUERTY | DAVID A. RICHMAN^ | | | |

ᐃ ADMITTED IN CT.
^ ADMITTED IN WASHINGTON, D.C.
+ ADMITTED IN VA.
* ADMITTED IN N.J.
** OF COUNSEL

September 19, 2014

**VIA ECF**

Hon. Andrew L. Carter
U.S. District Court Judge
U.S. District Court for the Southern District
 of New York
40 Foley Square, Room 435
New York, NY 10007

Re:  *Philadelphia Indemnity Insurance Co. v. SC Academy Holdings, et al.*; 1:14-cv-07025
     Plaintiff's Response to Defendants' Request for a Pre-Motion Conference

Dear Judge Carter:

We represent the Plaintiff, Philadelphia Indemnity Insurance Company ("PIIC"). Pursuant to Your Honor's Rules, we respectfully submit this response to Defendants' Request for a Pre-Motion Conference.

Defendants cite to *Wilton*[1] and *Brillhart*[2], but largely ignore how those cases have been applied in this District. Under *Wilton* and *Brillhart*, a court should consider:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; and (4) whether such parties are amenable to process in that proceeding.... (5) avoiding duplicative proceedings; ... (6) avoiding forum shopping.... (7) the relative convenience of the *fora*; (8) the order of filing; and (9) choice of law ....

---

[1] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).
[2] *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

MARSHALL CONWAY & BRADLEY, P.C.
Hon. Andrew L. Carter                      - 2 -                         September 19, 2014

*TIG Ins. Co. v. Fairchild Corp.*, No. 07 Civ. 8250 (JGK), 2008 WL 2198087, at *2 (S.D.N.Y. May 27, 2008)) (additional citation omitted).

Abstention under *Wilton/Brillhart* is appropriate only when "the questions in controversy between the parties to the federal suit . . . can *better* be settled in the proceeding in the state court action."[3] Here, PIIC seeks a judicial declaration of the rights and duties of the parties to a series of policies issued to the Defendants. The Defendants have provided no reason, either factually or legally, why these issues can better be adjudicated in New Jersey state court. New Jersey is a complete stranger to the issues involved in this dispute.

Notably, in *Allsettled Group Inc. v. Charter Oak Fire Insurance Co.*, 10 CIV. 150 (AKH), 2010 WL 1924455 (S.D.N.Y. May 11, 2010), this Court declined to abstain in the case of an insurance declaratory judgment action in favor of a New York state court proceeding, applying the *Wilton/Brillhart* doctrine, because the petitioner "failed to show that the issues in this declaratory judgment action would be better resolved in state court." The case against abstention is stronger here, as the transactions at issue are controlled by New York law and involve New York insureds: Defendants Culinary Academy of New York ("CANY") and Culinary Academy of Long Island ("CALI") have their principal places of business in New York.

The judicial declarations that this Court will render involve the application of New York law. New York has a keen interest in ensuring that its law is correctly applied to insurance policies negotiated in New York and issued to New York insureds. New York also has an important state regulatory interest in having this case decided under its law and in this jurisdiction. As noted, the policies were issued to New York insureds by an insurer authorized and admitted in the State of New York. *See Fireman's Fund Ins. Co., Inc. v. Schuster Films, Inc.*, 811 F. Supp. 978 (S.D.N.Y. 1993). This interest is heightened here, because all the relevant conduct relative to the policies occurred in New York.

The State of New York also has an important public policy interest in having this matter adjudicated here. CANY and CALI, who are New York domiciliaries, are the named insureds on the policies. In the underlying actions, plaintiffs seek punitive damages and restitution, *i.e.*, a refund of their tuition payments based upon the defendants' allegedly purposeful failure to disclose information about the programs in which they enrolled, as well as lack of accreditation. New York recognizes important public policy rationales for precluding coverage for such amounts. First, an insurer may not indemnify an insured for punitive damages, and a policy provision purporting to provide such coverage is unenforceable. *See Zurich Ins. Co. v Shearson Lehman Hutton*, 84 N.Y.2d 309, 316-317 (1994). New Jersey has no blanket corresponding public policy. New York also recognizes an important public policy rationale for precluding indemnity for disgorgement for the insured's own gain. *J.P. Morgan Sec. Inc. v. Vigilant Ins. Co.*, 21 N.Y.3d 324 (2013). Similarly, "restitution of ill-gotten funds does not constitute 'damages' or a 'loss' as those terms are used in insurance policies." *Vigilant Ins. Co. v. Credit Suisse First Boston Corp.*, 10 A.D.3d 528 (1st Dept. 2004). New Jersey has no such corresponding public policy. Thus, choice of law favors this court retaining jurisdiction and not abstaining.

---

[3] *Wilton*, 515 U.S. at 282 (emphasis added).

With respect to the convenience of the *fora*, this court is the more convenient forum. New Jersey is a complete and total stranger to the parties and transactions at issue in this coverage dispute. Federal abstention is not warranted simply because the insured decided to file its action in a New Jersey state court.

The choice of law rules also favor this court as the proper forum. Under New York's choice of law rules, only one state's laws apply to interpretation of the insurance policies. *See Employers Ins. of Wausau v. Duplan Corp.*, 899 F. Supp. 1112, 1116 (S.D.N.Y. 1995).[4] A District Court sitting in diversity must apply the substantive law of the state in which it sits, including the forum state's conflict of law rules. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). An insured's principal place of business at the time of contracting is its "domicile" for purposes of contract interpretation under New York law. *Certain Underwriters at Lloyd's, London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 24-25 (1st Dept., 2006), *aff'd*, 9 N.Y.3d 928 (2007). Moreover, the only relevant principal places of business are those of CANY and CALI, who are the Named Insureds. The "state of the insured's domicile is a fact known to the parties at the time of contracting" and therefore "application of the law of *that* state is most likely to conform to their expectations." *Bruckner Assoc. LP, et al. v. Fireman's Fund Ins. Co.*, 95 A.D.3d 556 (1st Dept., 2012). The policies were negotiated in New York, brokered in New York[5], and issued to New York domiciliaries (CALI and CANY). *Only* New York has any significant contacts to this insurance coverage dispute.

All of the abstention cases cited by Defendants contain a critical factual distinction. In *Brillhart*, the Supreme Court held that the District Court of Kansas properly abstained from asserting jurisdiction over a coverage dispute involving application of Missouri law to obligations under a reinsurance policy issued to an Illinois insured. In *Wilton*, the Supreme Court held that the Southern District of Texas should have abstained in a coverage dispute where the parties did not dispute that Texas law applied. However, the parallel lawsuit was pending in Texas State court. In *Karp*[6], the Court was asked to apply Connecticut law to a policy bound, issued, and delivered to a Connecticut insured while a Connecticut state action was pending. The Court abstained and the Second Circuit affirmed. In *Glowmaster*,[7] the District Court abstained when it was asked to apply New Jersey law to a policy bound, issued, and delivered to a New Jersey insured.

We submit that *Brillhart*, *Wilton*, *Karp* and *Glowmaster* all stand for the same proposition that a District Court should abstain when it is called upon to interpret and apply out-of-state law to an insurance policy issued to an out-of-state insured. That is *not* this case. Here, New York law will apply to policies involving New York insureds.

---

[4] Citing *Avondale Indus., Inc. v. Travelers Indem. Co.*, 774 F. Supp. 1416, 1422–23 (S.D.N.Y. 1991) (under New York law, where insured was located "in a wide geographic range," court applied law of state where policies were executed, issued and brokered, and insureds had their principal place of business); *Olin Corp. v. Insurance Co. of N. Am.*, 743 F. Supp. 1044, 1049 (S.D.N.Y. 1990), *aff'd*, 929 F.2d 62 (2d Cir. 1991) (New York law applied where insured had principal place of business in New York and policies which covered risks nationwide were issued and delivered there, even though claim involved pollution in Virginia) (additional citation omitted).

[5] According to the State of New Jersey Department of Banking and Insurance, the producer of the policies is not even licensed in the State of New Jersey.

[6] *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.2d 17 (2d Cir. 1997).

[7] *Commercial Underwriters Ins. Co. v. Glowmaster Corp.*, 105 F. Supp.2d 268 (S.D.N.Y. 2000).

MARSHALL CONWAY & BRADLEY, P.C.
Hon. Andrew L. Carter                             - 4 -                              September 19, 2014

Under *Wilton,* there must first be a determination that there is a "parallel proceeding[] presenting opportunity for ventilation of the same state law issues… underway in state court". 515 U.S. at 290; *see also Dittmer v. County of Suffolk,* 146 F.3d 113, 118 (2d. Cir. 1998) (*citing Wilton,* and noting that the pending state action must "present the same state issues" as in the pending federal case, denied abstention); *Ulico Cas. Co. v. Cox Mech. Contracting Inc.,* No. 04 Civ. 6185 (MHD), 2007 WL 2265563, *6 (S.D.N.Y. Aug. 2, 2007) (citing *Karp,* 108 F.2d 17) (holding that concurrence of the proceedings is a threshold consideration); *Travelers Indem. Co. v. Philips Elec. N. Am. Corp.,* No. 02 CV 9800 (WHP), 2004 WL 193564, *2 (S.D.N.Y. Feb. 3, 2004) (decision to invoke abstention in the context of a federal declaratory judgment action requires (i) concurrent state court action; and (ii) ascertainment whether the questions in controversy can better be settled in the pending state court proceeding) (citing *Brillhart,* 316 U.S. at 495)). Defendants undercut their own argument. Defendants do not dispute that the state court case and this case do not involve the same parties.

The Defendants are forum shopping. Before current counsel were involved, Philadelphia filed three declaratory judgment actions in New Jersey. We immediately corrected this. All three were withdrawn and/or dismissed, without prejudice. The actions were then consolidated and re-filed in this Court, where this matter properly belongs. Moreover, the order of filing is not a factor here, as there has been no progress made in either case, no issue has been joined, and no conferences have been scheduled. Therefore, defendants would not be prejudiced by this court retaining jurisdiction. *See Machat v. Sklar,* 96 Civ. 3796 (SS), 1997 WL 599384, at *9 (S.D.N.Y. Sept. 29, 1997). In fact, this action was filed on August 28, 2014; the Amended Complaint in the state court action was filed the next day.

Important public policy interests of the State of New York and its inherent interest in disputes involving New York insureds and their insurer are directly implicated in this coverage dispute. New Jersey has no state interest whatsoever in interpreting these insurance policies.

For these reasons, we respectfully request that this Court deny defendants' request for a pre-motion conference and exercise its prerogative to adjudicate this insurance coverage dispute.

Respectfully submitted,

*/s/ Christopher T. Bradley*

Christopher T. Bradley
Marshall Conway & Bradley, P.C.

*/s/ Katelin O'Rourke Gorman*

Katelin O'Rourke Gorman
Sedgwick LLP