**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Philadelphia Indemnity Insurance Co.,

Plaintiff,

v.

SC Academy Holdings, Inc., *et al.*,

Defendants.

**Civ. No. 1:14-cv-07025-ALC**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants SC Academy Holdings, Inc.; SC Academy, Inc.; Culinary Academy of Long Island, Inc. ("CALI"); and Culinary Academy of New York, Inc. ("CANY") (collectively, "Star") respectfully submit this memorandum in support of Star's Motion to Dismiss.

## PRELIMINARY STATEMENT

On October 24, 2014, the Honorable Robert Millenky denied Philadelphia Indemnity Insurance Company's ("PIIC") Motion to Stay the first-filed New Jersey coverage action currently pending in the Superior Court of New Jersey, Camden County. In so doing, Judge Millenky ruled against PIIC on the very same arguments PIIC makes to this court in support of its play for federal jurisdiction. Critical to the New Jersey court's determination was the fact that, before running to this New York forum, PIIC filed three declaratory judgment actions in New Jersey seeking a declaration of its coverage obligations, but dismissed them just days after Star joined issue. As the court explained, PIIC "certainly at an earlier point in time had concluded that New Jersey was the appropriate forum to litigate this matter." *See* Declaration of Alexis P. Storey in Support of Star's Motion to Dismiss ("Storey Decl."), Ex. A at 31:19-22 (Tr. of Motion to Stay, *Culinary Academy of Long Island, Inc. v. Philadelphia Indemnity Ins. Co.*,

No. CAM-L-3282-14 (Oct. 24, 2014) (hereinafter, "Oct. 24, 2014 Hrg. Tr."). The court deemed Star's coverage complaint to be a "continuation" of PIIC's New Jersey state court declaratory judgment actions, filed in April 2014 and joined in July 2014. *See id.* at 34:15-21 (the New Jersey coverage action "has been long pending . . . in the sense that it is an action that was originally joined under the Philadelphia Indemnity filed actions . . . . [T]he current Camden case represents a continuation of those original cases.")).

Judge Millenky also wholly disagreed with PIIC's contention that New Jersey is "a complete stranger" to the issues involved in this dispute, finding instead that "this is a case that has very substantial ties to New Jersey and will substantially affect any number of citizens in New Jersey, at last count over 1,000." *Id.* at 36:15-17. Even PIIC could not disagree:

> THE COURT: . . . [D]oesn't the risk have everything to do with New Jersey here?
>
> MR. BRADLEY [PIIC]: Yes[.]

*See id.* at 13:1-3.

Though stopping short of a full comity analysis, Judge Millenky concluded that two factors alone – the first-filed New Jersey action and the significant number of underlying New Jersey claimants – "would suggest at first blush that there are sufficient reasons . . . that would support a final finding and determination that jurisdiction would in fact appropriately rest in the New Jersey courts." *Id.* at 36:23-25.

PIIC cannot cite to any additional factors not considered and dismissed by the New Jersey court that favor, much less require, that this Court exercise its "unique and substantial" discretion in deciding whether to hear this declaratory judgment insurance action.[1] Federal abstention is "particularly appropriate" where, as here, the declaratory judgment action involves

[1] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

pure issues of state law (insurance law), and "[i]ndeed, courts in this district ***have routinely abstained from deciding declaratory judgment actions brought by insurers*** in favor of parallel state court actions involving the same parties and policies."[2] The New Jersey Action involves the same parties, the same policies, and the same underlying liability. PIIC cannot overcome the strong presumption – "the Supreme Court's admonition concerning declaratory judgment in the face of parallel state court actions" – against the exercise of federal jurisdiction in this case.[3] Star respectfully submits that this Court should abstain from hearing this action, and dismiss PIIC's federal complaint.

## STATEMENT OF FACTS

### A. Procedural History

As PIIC admits, PIIC previously filed three coverage actions in New Jersey courts – Camden County, Essex County, and the District of New Jersey – contesting its obligations to defend and indemnify Star in connection with numerous underlying student actions pending against Star in New Jersey ("Underlying Actions"). *See* Sept. 19, 2014 Letter from C. Bradley to Hon. Carter at 4 [ECF No. 6]. On July 21, 2014, Star filed an Answer, Counterclaim, and Third Party Claims in PIIC's Camden County coverage action to resolve all coverage claims in a single New Jersey forum. *See* Storey Decl. Ex. B (Answer, Affirmative Defenses, Counterclaims, and Third Party Complaint, *Philadelphia Indemnity Ins. Co. v. Forslund*, No. CAM-L-1586-14 (filed

[2] *Travelers Indemnity Co. v. Phillips Electronic N.A.*, No. 02 Civ. 9800, 2004 WL 193564, at *2 (S.D.N.Y. 2004) ("*Phillips Electric*") (collecting cases) (emphasis added); *Ace American Insurance Co. v. Graftech Intern. Ltd.*, No. 12-cv-6355, 2014 WL 2884681, *4 (S.D.N.Y. June 24, 2014) ("*Graftech*").

[3] *Phillips Electric*, 2004 WL 193564, at *3.

July 21, 2014). Four days later, PIIC dismissed all three of its New Jersey coverage actions, thus dismissing Star's Counterclaims and Cross Claims.[4]

Star then filed a Complaint against PIIC on August 20, 2014, in Camden County, to revive PIIC's originally-filed declaratory judgment action and Star's counterclaims and third party claims. *See* Storey Decl., Ex. F (Initial Complaint, *Culinary Academy of Long Island, Inc. et al. v. Philadelphia Indemnity Ins. Co.*, No. L-3282-14) (the "New Jersey Action"). Star perfected service of the NJ Action on August 25, 2014. *See* Storey Decl., Ex. G (Aug. 25, 2014 Proof of Service).

On August 26, 2014, PIIC sent Star a letter reversing its coverage determination under directors and officers liability policies, and two days later filed this action in New York incorporating its newly-minted theory of coverage. *See* Storey Decl., Ex. H (Aug. 26, 2014 Letter from M. O'Leary to E. Kanakaris); *see also* Declaratory Judgment Complaint (filed Aug. 28, 2014) [ECF No. 1].

On August 29, 2014, before Star even was served with PIIC's New York action, Star filed its First Amended Complaint in the New Jersey Action, incorporating PIIC's newly revised coverage assertions. *See* Storey Decl., Ex. I (First Amended Complaint and Jury Demand, *Culinary Academy of Long Island, Inc. et al. v. Philadelphia Indemnity Ins. Co.*, No. CAM-L-3282-14 (filed Aug. 29, 2014)). Service of the First Amended Complaint was perfected on September 2, 2014. *See* Storey Decl., Ex. J (Sept. 2, 2014 Proof of Service).

Also on August 29, 2014, Judge Millenky reassigned four pending Underlying Actions to his docket, adding to the two Underlying Actions already assigned to his docket. *See* Storey

[4] *See* Storey Decl., Ex. C (Notice of Dismissal, *Philadelphia Indemnity Ins. Co. v. Forslund et al.*, No. CAM-L-1586-14 (filed July 25, 2014)); Ex. D (Notice of Dismissal, *Philadelphia Indemnity Ins. Co. v. Star Career Academy et al.*, No: 1:14-CV-03161 (D.N.J.) (filed July 25, 2014)); and Ex. E (Notice of Dismissal, *Philadelphia Indemnity Ins. Co. v. Roche et al.*, No. ESX-L-002957-14 (filed July 28, 2014)).

Decl., Ex. K at 3-4 (Aug. 29, 2014 Letter Order). Additionally, Judge Millenky reassigned Star's New Jersey coverage action to his docket, as well as PIIC's two now-dismissed New Jersey state court declaratory judgment actions. *Id.* at 4. Thus, all but one of the Underlying Actions, as well as Star's New Jersey coverage action, are currently pending before Judge Millenky.[5]

PIIC filed a Motion to Stay the New Jersey Action, which Judge Millenky ***denied*** on October 24, 2014. *See* Storey Decl., Ex. A at 35:19-20 (Oct. 24, 2014 Hrg. Tr.). PIIC's Answer in the New Jersey Action is now due November 13, 2014. Star filed a Motion for Partial Summary Judgment in the New Jersey Action on October 7, 2014, and oral argument is scheduled for December 19, 2014, by agreement of the court and parties. Storey Decl., ¶ 3.

**B. New Jersey Contacts**

In addition to Judge Millenky's determination that New Jersey has a significant interest in this coverage litigation, and notwithstanding that a New Jersey-versus-New York choice of law analysis is irrelevant to the present Motion, Star must correct the record regarding New Jersey's significant contacts to this coverage dispute:

- Until it recently invoked New York law to justify its attempt to shop this case to New York, PIIC consistently took the position that the law of the State of New Jersey applied. In November 2012, in its initial evaluation of coverage for one of the Underlying Actions, PIIC's in-house claims handler wrote, "we cannot indemnify for punitive damages as those damages are . . . against public policy in the State of New Jersey." *See* Storey Decl., Ex. L at 8 (Nov. 28, 2012 Letter from E. Grant to M. Levitt) (emphasis added). Five months later, in its initial evaluation of coverage for a different Underlying Actions PIIC again took the position that the law of the State of New Jersey applied: "We must advise you

[5] Judge Millenky did not reassign the one-class action Underlying Action (*Polanco v. Star Career Academy*, *et al.*, CAM-L-415-13) to his docket on the grounds that "[Judge Pugliese, of the Camden County Superior Court] has already made a number of substantive decisions in [the *Polanco*] case and he is in the best position to try the matter." *See* Storey Decl., Ex. K at 4 (Aug. 29, 2014 Letter Order)

there would not be coverage for punitive damages as they are not insurable in New Jersey." *Id.*, Ex. M at 6 (March 20, 2013 Letter from A. Bronczyk to E. Kanakaris) (emphasis added). What was or was not insurable under "New York law" never was mentioned.

- The principal place of business for two of the four Named Insured defendants in this action is New Jersey:
  - SC Academy Holdings, Inc. is incorporated in Delaware, and at all times relevant to this dispute, maintained its principal place of business in Berlin, New Jersey, until headquarters was moved to Cherry Hill, New Jersey in June 2014. *See* Declaration of Ellen Kanakaris ("Kanakaris Decl.") at ¶ 3. PIIC's allegation that SC Academy Holdings, Inc.'s principal place of business is "20 William Street, Suite 250, Wellesley, Massachusetts 02481" (*see* Compl. ¶ 8 [ECF No. 1]) is incorrect. One of Star's investors, Gemini Investors, is located at the Wellesley, Massachusetts address. *See* http://www.gemini-investors.com/#!contact-us/c178g. Gemini is not a party to this action.
  - SC Academy, Inc. is incorporated in Delaware, and at all times relevant to this dispute, has had its principal place of business in Berlin, New Jersey. Kanakaris Decl. ¶ 4. Again, the Wellesley, Massachusetts address alleged in PIIC's Complaint is incorrect.
- CALI, a Delaware corporation with its principal place of business in New York, operates two New Jersey campuses – Clifton and Newark – both of which are implicated in the Underlying Actions. *Id.* at ¶¶ 5, 8. CALI's New York campus is not implicated in any of the Underlying Actions.
- CANY, a Delaware corporation with its principal place of business in New York, operates two New Jersey campuses – Egg Harbor Township and Brick – both of which are implicated in the Underlying Actions. *Id.* at ¶¶ 6, 8. CANY's New York campus is not implicated in any of the Underlying Actions.
- All policy premium payments were approved at Star's headquarters in Berlin, New Jersey. *Id.* at ¶ 7.

- All policy applications were received and completed at headquarters in Berlin, New Jersey. *Id.* at ¶ 7.
- The broker, Amsure (located in Albany, New York), visited Star's headquarters in Berlin, New Jersey to discuss and review a summary of the policy renewals on at least two occasions. *Id.*
- All of the relevant policies list a "Berlin, NJ" "Mailing Address." *See*, *e.g.*, Storey Decl., Ex. N (2011 Education Policy, Declarations Page).
- PIIC's state of incorporation and principal place of business is Pennsylvania. *See* Compl. ¶ 7 [ECF No. 1]. PIIC is admitted to conduct business in New Jersey. *See* http://www.state.nj.us/dobi/data/inscomp.htm.
- The allegations at issue in the Underlying Actions involve, exclusively, Star's four New Jersey campus locations: Brick, Clifton, Egg Harbor Township, and Newark. *See* Kanakaris Decl. ¶ 8.
- The Underlying Actions all involve the interpretation and application of New Jersey's Surgical Technology statute, N.J. Stat. Ann. 26:2H-12:62 *et seq.*
- Nearly all of the 1,050-plus student claimants in the Underlying Actions are New Jersey residents, as are most of the individually-named underlying defendants.

## **ARGUMENT**

Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, this court possesses "unique and substantial discretion" in determining whether to entertain PIIC's declaratory judgment action. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286 (1995); *see also Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494 (1942). As the Supreme Court explained in *Brillhart*, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. Federal courts should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Id.*

Courts consider several factors, under the *Wilton* and *Brillhart* abstention doctrine, including, in relevant part:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; (4) whether such parties are amendable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

*Phillips Electronic*, 2004 WL 193564, at *2 (citing *Wilton*, 515 U.S. at 282–83; *Brillhart*, 316 U.S. at 495).

"Declaratory judgment actions which have as their underlying basis rights that are essentially governed by state law present particularly appropriate cases for application of the abstention doctrine." *Cadle Co. v. Bankers Federal Savings FSB*, 929 F. Supp. 636, 639 (E.D.N.Y. 1996). Indeed, district courts routinely abstain from deciding declaratory judgment actions brought by insurance companies, in favor of state court proceedings, because insurance coverage actions "necessarily turn on issues of state law." *Phillips Electric*, 2004 WL 193564, at *2 (collecting cases); *Graftech*, 2014 WL 2884681, at *4 (same); *Reliance Ins. Co. of Illinois v. Multi-Financial Securities Corp.*, No. 94 Civ. 6971, 1996 WL 61763, * 3 (S.D.N.Y. Feb. 13, 1996) ("*Multi-Financial*") ("[t]ipping heavily in favor of abstention in this case . . . is the fact that state law will govern the outcome of this action. With very narrow exception, Congress has long explicitly exempted the federal government from regulation of the insurance industry.") (*citing* McCarran-Ferguson Insurance Regulation Act, 15 U.S.C. § 1012(a) (1945)).

The *Wilton* and *Brillhart* factors favor abstention in this case:

***1. Scope of the Pending State Proceeding and Whether the Claims of All Parties In Interest can Be Satisfactorily Adjudicated in that Proceeding.*** The scope of the New Jersey Action, the defenses available to PIIC in that action, and the ability of the New Jersey proceeding

to adjudicate the claims of all parties in interest weigh in favor of abstention. First, the New Jersey Action is broader than the proceeding here, because, in addition to PIIC and the four Star Corporate insureds, the New Jersey Action also includes twelve individual officers, directors, and employees of Star, two of whom are Pennsylvania residents who cannot be joined in this action without destroying diversity. *See* Storey Decl., Ex. I (First Amended Complaint and Jury Demand at ¶¶ 15, 18); *see also Graftech*, 2014 WL 2884681, at *4 (finding that state court action was broader, due to additional insurers, and noting that party in state court action could not be joined to federal action without destroying diversity).

Second, PIIC can raise all the claims it has raised in this action as defenses, affirmative defenses, and/or counterclaims in the New Jersey Action. *See*, *e.g.*, *Multi-Financial*, 1996 WL 61763, at *3 ("Defending the state court action by necessity requires [the insurer] to raise as counterclaims or defenses the same claims it has raised in this declaratory judgment action. ***All the claims and potential defenses derive from the contract language of the Policies*** . . . .") (emphasis added); *see also Graftech*, 2014 WL 2884681, at *4 (*citing Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Warrantech Corp.*, 00 Civ. 5007, 2001 WL 194903, at *3 (S.D.N.Y. Feb. 27, 2001) ("[A]ll of the issues presented in this suit are either already asserted in the [state court] action or are readily assertable as defenses to the third party claims and/or counterclaims in that suit . . . .")).

***2. Avoiding Duplicative Proceedings.*** The New Jersey action is "progressing rapidly, thus raising the specter of an unnecessary duplication of effort and waste of judicial resources should this Court decline to abstain." *See Philips Electronics*, 2004 WL 193564, at *3 (finding that state action was "progressing rapidly" where insurers' motion to dismiss state court action was denied.). Indeed, Judge Millenky expressly stated that "[t]o stay the case would delay a

disposition of the case in the final analysis, and that seems to me would be unfair to the parties, particularly given the fact that these cases would have reasonably progressed earlier had there not been a dismissal of the earlier cases [filed by PIIC]." *See* Storey Decl., Ex. A at 35:13-18 (Oct. 24, 2014 Hrg. Tr.). After denying PIIC's Motion to Stay the New Jersey Action, Judge Millenky ordered that PIIC file its Answer on November 13, 2014. The court also scheduled oral argument on Star's Motion for Partial Summary Judgment on Count IV of its First Amended Complaint (filed Oct. 7, 2014) for December 19, 2014, with briefing to be completed by December 15, 2014. Storey Decl., ¶ 3. As the court recognized in *Phillips Electronics*, "[c]ontinuing with this action in the face of the procedurally advanced [State] Action would cause precisely the 'vexatious' waste of judicial resources and 'gratuitous interference' the Supreme Court cautioned against in *Brillhart* and *Wilton*." 2004 WL 193564, at *4.

***3. Avoiding Forum Shopping.*** As the New Jersey court pointed out repeatedly during the October 24, 2014 hearing regarding PIIC's Motion to Stay the New Jersey Action, PIIC itself filed three declaratory judgment actions in New Jersey, four months before it first ran to this Court, but dismissed those action days after Star answered, before Star could perfect service. *See* Storey Decl., Ex. A at 8:7-12 (Oct. 24, 2014 Hrg. Tr.) (". . . if in fact this was the first filed case, if in fact Philadelphia Indemnity, up until the moment that they appeared to have filed in a Federal District Court in New York, thought that this was the place to be, you love us no doubt, why would we not move forward . . . ?"); *see also* 6:6-14; 11:10-11; 31:13-22 (finding that PIIC "certainly at an earlier point in time had concluded that New Jersey was the appropriate forum to litigate this matter"). Judge Millenky's findings put the lie to PIIC's representation to this Court that *Star* is "forum shopping." *See* Sept. 19, 2014 Letter from C. Bradley to Hon. Carter at 4 [ECF No. 6].

Rather, PIIC is the party forum shopping here, and is being entirely transparent regarding its motives. PIIC sold Star directors and officers liability policies that indemnify Star for "Damages," expressly defined to include "the punitive, exemplary or multiple portion of any judgment . . . ." *See* Storey Decl., Ex. O at p. 7 of 19 (excerpts of 2011-2012 D&O Policy, Part 4. Common Policy Definitions, (C) Damages) (emphasis added). PIIC wants out from under its plain-as-day promise of coverage, and is shopping for a forum that may not enforce the policies as written. As PIIC explained in its September 19, 2014 letter to this Court, the underlying claimants "seek punitive damages," and under New York law, "an insurer may not indemnify an insured for punitive damages, and a policy provision purporting to provide such coverage is unenforceable. New Jersey has no blanket corresponding public policy." *See* Sept. 19, 2014 Letter from C. Bradley and K. Gorman to Hon. Carter (internal citation omitted) [ECF No. 6].

Even this argument, however, is artifice. On November 28, 2012, PIIC's claims handler advised Star, in its initial reservation of rights letter regarding one of the Underlying Actions, "we cannot indemnify for punitive damages as those damages are . . . against public policy in the State of New Jersey." *See* Storey Decl., Ex. L at 8 (Nov. 28, 2012 Letter from E. Grant to M. Levitt). Five months later, in its initial evaluation of coverage under separate liability policies, PIIC reiterated, "[w]e must advise you there would not be coverage for punitive damages as they are not insurable in New Jersey." *Id.*, Ex. M at 6 (March 20, 2013 Letter from A. Bronczyk to E. Kanakaris). Thus, under PIIC's *own* analysis of the insurability of punitive damages under either New Jersey or New York law, this alleged conflict of laws has been manufactured to support its appeal for a New York forum.[6]

[6] Star disagrees with PIIC's position regarding the insurability of punitive damages under either New York or New Jersey law.

***4. Relative Convenience of the Fora.*** PIIC cannot colorably argue that New Jersey is an inconvenient or unfair forum, when New Jersey was PIIC's first choice. Moreover, nearly all of the parties, witnesses, and documents are located in New Jersey, where all of the Underlying Actions are being litigated, all of the at-issue campuses are located, nearly all of the underlying claimants and defendants are located, and where Star has its corporate headquarters. PIIC is not even located in New York, so it cannot argue that New York is more convenient than New Jersey.

***5. Order of Filing.*** Star's New Jersey action was not only filed first (filed August 20, 2014), but Judge Millenky has deemed Star's New Jersey Action to be in fact a "continuation" of PIIC's initial New Jersey state court declaratory judgment actions filed in April 2014, and joined by Star through Star's Answer, Counterclaims, and Third-Party Claims, in July 2014:

> [T]he case here has been long pending . . . in the sense that it is an action that was originally joined under the Philadelphia Indemnity filed actions. And in a practical way, albeit perhaps not technically, the current Camden case represents a continuation of those original cases . . . for the purpose ***of preserving the ability to litigate this case here in New Jersey*** in a way that would allow for a reasonably prompt disposition.

Storey Decl., Ex. A at 34:14-18 (Oct. 24, 2014 Hrg. Tr.) (emphasis added). Thus, under Judge Millenky's reasoning, the New Jersey Action has actually been pending since April 2014 – significantly longer than this action, which was not filed until August 28, 2014.

***6. Choice of Law.*** PIIC's over-emphasis on the potential application of New York law to the coverage dispute between the parties is irrelevant to this court's abstention "choice of law" analysis. The relevant "choice of law" analysis is whether state or federal law will apply. *See Phillips Electric*, 2004 WL 193564, at *3 ("While the parties may disagree as to which state's law will ultimately apply, it is clear that state law, not federal law, will govern the resolution of the underlying claims in this insurance coverage action. This absence of federal issues weigh[s]

heavily in favor of abstention."); *see also Graftech*, 2014 WL 2884681, at *7 (dismissing federal action in favor of Ohio state action, even though <u>neither</u> party argued for application of Ohio state law).

Moreover, Judge Millenky squarely addressed PIIC's argument that New York law should apply, and without reaching the merits, stated, "all the time courts deal with other states' laws." Storey Decl., Ex. A at 13:14-15 (Oct. 24, 2014 Hrg. Tr.). PIIC's "choice of law" arguments in support of New York jurisdiction simply are not relevant, much less dispositive, to this Court's abstention analysis.

## CONCLUSION

For the reasons set forth above, Defendants respectfully submit that this Court should abstain and dismiss PIIC's Complaint.

Dated: October 30, 2014

Respectfully submitted,

By: *___/s/ John Schryber_______________*
John Schryber, Esq. (JS-7881)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC 20005
PH: (202) 414-9200
FAX: (202) 414-9299

Julie L. Hammerman, Esq. (*pro hac application to be submitted*)
Alexis P. Storey, Esq. (*admitted pro hac vice*)
REED SMITH LLP
1301 K Street, N.W.
Suite 1100 - East Tower
Washington, DC 20005
PH: (202) 414-9200
FAX: (202) 414-9299

*Counsel for Defendants.*