IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Philadelphia Indemnity Insurance Co., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>SC Academy Holdings, Inc., *et al.*, <br><br>　　　　Defendants. | **Civ. No. 1:14-cv-07025-ALC** <br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

Defendants SC Academy Holdings, Inc.; SC Academy, Inc.; Culinary Academy of Long Island, Inc. ("CALI"); and Culinary Academy of New York, Inc. ("CANY") (collectively, "Star") respectfully submit this memorandum in further support of Star's Motion to Dismiss.

## PRELIMINARY STATEMENT

Philadelphia Indemnity Insurance Company's ("PIIC") misplaced and single-minded focus on an alleged "New York-versus-New Jersey" choice of law question is wholly irrelevant to this Court's abstention analysis under *Brillhart/Wilton*. There is no dispute between the parties that the coverage questions presented in this case involve purely questions of state law. The total absence of federal law questions in this declaratory judgment case requires abstention. The United States Supreme Court has long dictated that federal courts defer to state courts in just such cases: "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, ***not governed by federal law***, between the same parties." *Brillhart v. Excess Ins. Co. of*

*America*, 316 U.S. 491, 495 (1942) (emphasis added).[1]  In keeping with the Supreme Court's guidance, the "choice of law" abstention factor – ninth out of nine factors federal courts consider in deciding abstention – concerns whether *federal* or *state* law applies to a dispute, not whether one state's law applies over another:  "While the parties may disagree as to which state's law will ultimately apply, it is clear that state law, not federal law, will govern the resolution of the underlying claims in this insurance coverage action.  ***This absence of federal issues weigh[]s heavily in favor of abstention****.*"[2]

Notwithstanding the irrelevance of such a choice of law analysis, PIIC also misses the mark concerning the choice of law issue.  PIIC ignores the fact that New Jersey law necessarily will be central to any application of the insurance policies to the claims alleged to be covered.  For example, all of the underlying cases involve claims under the New Jersey Consumer Fraud Act ("New Jersey CFA").  Under that Act, recovery can be had for certain conduct without any proof of intent and other conduct requiring proof of intent.  A New Jersey court plainly would be in a better position to determine the applicability of any so-called "intentional acts" exclusion to liability under the New Jersey CFA.

PIIC also grossly mischaracterizes the Honorable Robert Millenky's October 24, 2014 ruling on PIIC's Motion to Stay the New Jersey state court action.  If the New Jersey state court wished to punt on the jurisdiction question "pending" this Court's determination, as PIIC suggests, it would have *granted* PIIC's request for a stay.  Instead, the court ruled that it "will not stay the pending action here in New Jersey," based on the court's anticipation both that this

---

[1] *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995) (*citing Brillhart*, 316 U.S. at 495) (a district court "might be indulging in '[g]ratuitous interference" [] if it permitted the federal declaratory action to proceed," where the same state law issues are pending in state court).

[2] *Travelers Indemnity Co. v. Phillips Electronic N.A.*, No. 02 Civ. 9800, 2004 WL 193564, at *3 (S.D.N.Y. 2004) ("*Phillips Electric*") (emphasis added).

Court would abstain, and that a full comity analysis would support New Jersey jurisdiction.[3] Judge Millenky based his decision to retain jurisdiction of the New Jersey coverage litigation on his finding that "this is a case" – this *coverage* case – "that has very substantial ties to New Jersey and will substantially affect any number of citizens in New Jersey, at last count over 1,000." *Id.* at 36:14-17. In Judge Millenky's opinion, "that factor alone . . . would support a final finding and determination that jurisdiction would in fact appropriately rest in the New Jersey courts." *Id.* at 18-25. PIIC's misrepresentation to this Court, that "Judge Millenky never made any determination that New Jersey has a significant interest in this *coverage* litigation" – the very coverage litigation over which Judge Millenky retained jurisdiction *because of* "substantial ties" to New Jersey – is outrageous.[4]

## STATEMENT OF FACTS

**A.    Star's Substantial New Jersey Contacts**

Star has eight campuses:  four in New Jersey; two in Pennsylvania; two in New York.[5] In other words, 50% of the insured risk is in New Jersey; 25% in Pennsylvania, and 25% in New York. PIIC gets the math wrong when it asserts that "the greatest risk" is in New York, or that "[m]ost" or "the vast majority" of the risk insured is located in New York and Pennsylvania.[6] More importantly, PIIC does not dispute that 100% of the underlying claims for which Star seeks coverage involve, exclusively, Star's four New Jersey campuses.

---

[3] *See* October 30, 2014 Declaration of Alexis P. Storey, Esq. ("Storey Decl. I") [ECF No. 19], Ex. A at 35:19-20; 33:24 – 34:8 (Tr. of Motion to Stay, Culinary Academy of Long Island, Inc. v. Philadelphia Indemnity Ins. Co., No. CAM-L-3282-14 (Oct. 24, 2014) (hereinafter, "Oct. 24, 2014 Hrg. Tr.").

[4] *See* PIIC Opp. at 7 (emphasis in original).

[5] *See* http://www.starcareer.edu/ (listing campus locations).

[6] *See* PIIC Opp. at 1, 4, & 7.

SC Academy Holdings, Inc. and SC Academy, Inc. are Named Insureds under the relevant policies, directly on par with CALI and CANY.[7] PIIC hopes to skew the contacts towards New York by ignoring these two entities, both of which are named defendants in the underlying student claims, and both of which maintain their principal places of business in New Jersey. The SEC filing to which PIIC cites is insufficient evidence of principal place of business, and does not change the calculus. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ("[W]e reject suggestions . . . that the mere filing of a form like the Securities and Exchange Commission's Form 10–K listing a corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'").

**B.     PIIC's Prior Judicial Admissions Regarding Application of New Jersey Law**

PIIC previously has acknowledged, in filings before Judge Millenky, that its coverage obligations have everything to do with New Jersey law, namely, New Jersey's Surgical Technology statute, N.J. Stat. Ann. 26:2H-12:62, *et seq.*, and the New Jersey Consumer Fraud Act, N. J. Stat. Ann. 56:8-1 to -20. PIIC unsuccessfully moved to intervene in one of the underlying student actions pending before Judge Millenky. In advocating its need to intervene, PIIC relied on the nexus between New Jersey law and its coverage obligations:

> Generally, the Plaintiff alleges that the Defendants violated the *New Jersey Consumer Fraud Act* by misrepresenting the nature of the course work offered, concealing or failing to disclose the requirements for becoming a credentialed surgical technologist *in New Jersey* . . . and/or concealing from the Plaintiff that the courses offered in the Defendants' program would provide her with a sufficient background to pass a qualifying examination recognized *in New*

---

[7] *American Ref-Fuel Co. of Hempstead v. Employers Insurance Co. of Wausau*, 265 A.D.2d 49, 51-52 (2d Dept. 2000), cited in PIIC's Opposition, involves interpretation and application of the statutory phrase "issued for delivery" contained in Insurance Law § 3420(d), a statute applicable only to policies "delivered or issued for delivery" in New York for death or bodily injury arising out of motor vehicle accidents that occur in New York. Interpretation and application of this statute has nothing to do with this case. The analysis, which distinguishes between the "named insured" and "additional named insureds" in that policy, also is factually inapposite; in this case, all four defendants are "Named Insureds" under the policies at issue.

> *Jersey* and concealing the fact that the surgical technologist program would not prepare the Plaintiff for employment as a surgical technologist *in New Jersey*.
>
> ***To allow PIIC to make proper coverage determinations*** it will be necessary for the jury or other fact finder, if it finds against Defendants, to identify the type of conduct on which its award is based . . . .[8]

Thus, it was PIIC's position that it had to understand, with specificity, Star's duties under specific New Jersey statutes, and alleged derogations thereof, in order to determine coverage for Star's uniquely New Jersey liabilities. PIIC's representations to this Court that New Jersey law can be divorced from the coverage issues in this case are contradicted by PIIC's own prior admissions, on the record, in New Jersey.

Further echoing PIIC's consistent stance, until now, that New Jersey law applies to Star's policies (*see* October 30, 2014 Declaration of Alexis P. Storey, Esq. ("Storey Decl. I") [ECF No. 19] at Exs. L & M), PIIC also told Judge Millenky that Star, "in seeking to prevent PIIC from developing the information needed to properly evaluate which claims are covered and which are not, are in effect seeking to obtain coverage for claims . . . coverage for which ***is also prohibited under the public policy of New Jersey***."[9]

PIIC's newly-minted contention that New York law applies to Star's policies was news to Star, as was PIIC's decision to file this action in New York. PIIC most certainly did not share with Star its reasoning for dismissing the New Jersey actions soon after Star filed its answer, counterclaims and cross-claims. At no time before Star first-filed the New Jersey action, on August 20, 2014, did PIIC indicate it would be filing *any* new complaint, much less this one in

---

[8] *See* Nov. 20, 2014 Declaration of Alexis P. Storey in Further Support of Star's Motion to Dismiss ("Storey Decl. II") (attached hereto), Ex. 1 at 2 (PIIC's Mem. of Law in Support of its Motion to Intervene, *Forslund v. Culinary Academy of Long Island, Inc. et al.*, No. CAM-L-3533-12 (N.J. Super. Ct., Camden Cty.) (filed May 23, 2014)).

[9] Storey Decl. II, Ex. 2 at 3 (PIIC's Reply Brief in Support of Motion to Intervene, *Forslund* (filed April 25, 2014)).

5

New York federal court.  PIIC provides **no** evidence in support of this bald assertion – no letters, no emails, no declarations of counsel.

**ARGUMENT**

**I.     NEW YORK CHOICE OF LAW IS IRRELEVANT UNDER THE
         *WILTON/BRILLHART* ABSTENTION DOCTRINE**

It is well-settled that the *Wilton/Brillhart* "choice of law" analysis concerns state versus federal law.  *See Phillips Electric*, 2004 WL 193564, at *3 ("While the parties may disagree as to which state's law will ultimately apply, it is clear that state law, not federal law, will govern the resolution of the underlying claims in this insurance coverage action.  This absence of federal issues weigh[s] heavily in favor of abstention.").  In *Commercial Underwriters Insurance Co. v. Glowmaster Corp.*, 105 F. Supp. 2d 268, 270 (S.D.N.Y. 2000), the court abstained and dismissed the federal action in favor of a parallel proceeding in New Jersey state court, reasoning that "[t]he claims in both actions involve no questions of federal law, and insurance regulation is a matter of particular concern to state governments."  Like PIIC, the insurance company in *Glowmaster* sought New York federal jurisdiction because it was the "friendlier forum" for its coverage defense, and argued that pursuant to New York choice of law rules, New York law should apply.  The court declined to reach the merits:

> [The insurer] has not indicated whether a New Jersey court, applying its own choice of law rules, would refuse to apply New York law . . . .  This Court need not sort out the choice of law issues because, ***regardless of which law applies***, [the insurer] can raise its notice defense in the New Jersey action and the issue is resolvable by the New Jersey court.

*Id.* at 270-71; *see also Ace Am. Ins. Co. v. Graftech*, No. 12-cv-6355, 2014 WL 2884681, at *7 (S.D.N.Y. June 24, 2014) (dismissing federal action in favor of state action, even though neither party argued for application of that state's law).  Thus, PIIC's strident focus on which state's law ultimately should apply is entirely beside the point under *Wilton/Brillhart*.

6

Even if New York law ultimately were to apply, it would be insufficient reason for this court to retain jurisdiction.  PIIC cites to inapposite 28 U.S.C. § 1404(a) concurrent federal jurisdiction transfer cases applying non-*Wilton/Brillhart* factors to suggest that this Court's familiarity with New York law is not only critical, but dispositive.  PIIC's own cases, however, are lethal to its argument.  In *AIG Financial Products Corp. v. Public Utilities Dist. No. 1 of Snohomish Cnty., Washington*, 675 F. Supp. 2d 354, 372 (S.D.N.Y. 2009), for example, the district court analyzed whether the case should be transferred to the Western District of Washington.  The court considered its own familiarity with the governing law, a factor "typically given *little weight* by federal courts." *Id.* (emphasis added).  Even though New York law unequivocally applied in that case – "the agreement at the center of the lawsuit . . . ha[d] a New York choice-of-law clause" – the court nevertheless transferred the case to Washington. *Id.* at 372-73.

Notably, PIIC already aired its concern regarding a New Jersey court's ability to apply New York law, to which Judge Millenky replied, "all the time courts deal with other states' laws."  Storey Decl. I, Ex. A at 13:14-15 (Oct. 24, 2014 Hrg. Tr.).  Nothing here remotely suggests that Judge Millenky cannot do precisely that if so required.

## II.     PIIC'S EFFORT TO FORUM SHOP SHOULD NOT BE REWARDED

PIIC has been quite transparent regarding its motivation for moving this coverage case to New York.  PIIC wants out from under its plain-as-day promise of coverage for punitive damages, which, it asserts, are uninsurable under New York law.  *See* PIIC Opp. at 14.  Even if true, PIIC expressly forfeited its right to jockey for the "best" (i.e., most limiting) jurisdiction's law when it sold Star the subject policies **promising to provide precisely that coverage, under the law of the state most favorable to insurability**.  Pursuant to the policies, PIIC promised to insure punitive damages as long as any jurisdiction with a substantial relationship either to Star

7

or to the underlying claims deems such damages insurable. Specifically, the policies insure Star for "Damages," defined to include:

> the ***punitive***, exemplary or multiple portion of any judgment (to the extent such damage is insurable *under [sic] law of any jurisdiction which has a substantial relationship to the Insured or to the Claim seeking such damage **and which is most favorable to the insurability of such damage***).

*See*, *e.g.*, Nov. 20, 2014 Declaration of Alexis P. Storey in Further Support of Star's Motion to Dismiss ("Storey Decl. II") (attached hereto), Ex. 3 (excerpts of 2011-2012 D&O Policy, Part 4. Common Policy Definitions, (C) Damages) (emphasis added). In his October 24, 2014 ruling, Judge Millenky found that this coverage litigation had "substantial ties to New Jersey," and it is beyond dispute that the underlying claims have a "substantial relationship" to New Jersey. Thus, PIIC's prayer for New York law is not only irrelevant to this Court's abstention analysis, it is impermissible under the plain terms of the policies.

Finally, PIIC's request that this Court conduct a "fact-intensive" choice of law analysis, irrelevant under the *Brillhart/Wilton* abstention doctrine, also is "premature." *See*, *e.g.*, *Speedmark Transp. Inc. v. Mui*, 778 F. Supp. 2d 439, 444 (S.D.N.Y. 2011) (citing cases) (choice of law analysis deemed premature because "the record lacks facts necessary to conduct the context-specific 'center of gravity' or 'grouping of contacts' analysis required by New York's choice-of-law principles."); *see also Meserole v. Sony Corp. of Am. Inc.*, No. 08 Cv. 8987, 2009 WL 1403933, *5 n.6 (S.D.N.Y. May 19, 2009) ("[A]t this early stage of the litigation, where Plaintiffs have adequately pled that sufficient business decisions relating to the [defective product] were made at Defendant's headquarters in California, a detailed choice of law analysis would be premature."). In addition to being unwarranted, PIIC has not submitted sufficient evidence to enable this Court to reach a choice of law decision.

### III.  STAR'S NEW JERSEY FILING WAS NOT "IMPROPERLY ANTICIPATORY"

PIIC cannot be heard to claim "first filed" status based on its initial run to the New Jersey courts in April 2014.  Judge Millenky already has ruled regarding the effect of those filings, finding that Star's New Jersey coverage action is "a continuation of those original cases . . . for the purpose of preserving the ability to litigate this case here in New Jersey in a way that would allow for a reasonably prompt disposition."  *See* Storey Decl. I, Ex. A (Oct. 24, 2014 Hrg. Tr.) at 34:19-25.[10]

As an initial matter, the "first filed" rule only applies to cases involving concurrent federal jurisdiction.  *See, e.g., Port Auth. Of New York and New Jersey v. Kraft Power Corp.*, No. 11-cv-5624 (HB), 2012 WL 832562, at *1 (S.D.N.Y. Mar. 13, 2012) ("The first-to-file doctrine applies where there is concurrent *federal* litigation, not where a federal court contends with concurrent state litigation.  This is not, I might add a new concept . . . .  Put another way, the cases relied on by both parties in their briefs are instances of concurrent federal jurisdiction and are inapplicable here.  [*Brilhart/Wilton*] Abstention [is] the proper analytical framework.") (emphasis in original).

Regardless, PIIC cannot substantiate its claim that Star's New Jersey action was "anticipatory."  As PIIC's own case support makes clear, courts deem a suit to be "improperly anticipatory" only when "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action," for example, a notice letter that indicates

---

[10]  PIIC's suggestion that Judge Millenky was "unimpressed" with Star's desire to litigate this coverage dispute is incorrect.  First, in the portions PIIC cites, Judge Millenky was characterizing *PIIC's* arguments and posing certain questions to Star.  *See* Storey Decl. I, Ex. A (Oct. 24, 2014 Hrg. Tr.) at 23:19-22 ("So tell me then if in fact *as Philadelphia Indemnity would have it*, in a sense you've suddenly gotten religion") (emphasis added); 23:24 – 24:1 ("So in essence I think *what they're saying* is why should your new perception of an emergency generate the necessity of this speedy action when there are some courts dealing with this question of abstention.") (emphasis added).  In the end, Judge Millenky disagreed with PIIC's attempts to discount the need for speed, instead finding that Star had preserved the right to, and deserved, "a reasonably prompt disposition" in New Jersey state court.  *Id.* at 34:19-25.

(1) the intention to file suit, (2) a filing date, and/or (3) a specific forum for the filing of the suit. *See Cephalon, Inc. v. Travelers Companies, Inc.*, 935 F. Supp. 2d 609, 613-14 (S.D.N.Y. March 15, 2013).  PIIC fails to meet its burden here, relying only on unsupported statements in its papers, nothing credible or concrete.

## **CONCLUSION**

For the reasons set forth above and in Star's initial papers, Defendants respectfully submit that this Court should abstain, and dismiss PIIC's Complaint.

Dated:  November 20, 2014          Respectfully submitted,

By:     */s/ John Schryber*
        John Schryber, Esq. (JS-7881)
        REED SMITH LLP
        1301 K Street, N.W.
        Suite 1100 - East Tower
        Washington, DC 20005
        PH: (202) 414-9200
        FAX: (202) 414-9299

        Julie L. Hammerman, Esq. (*pro hac application pending*)
        Alexis P. Storey, Esq. (*admitted pro hac vice*)
        REED SMITH LLP
        1301 K Street, N.W.
        Suite 1100 - East Tower
        Washington, DC 20005
        PH: (202) 414-9200
        FAX: (202) 414-9299

        *Counsel for Defendants.*