# MARSHALL CONWAY & BRADLEY

A PROFESSIONAL CORPORATION

45 BROADWAY – SUITE 740

NEW YORK, NEW YORK 10006

TELEPHONE: (212) 619-4444

TELECOPIER:(212) 962-2647

email: mcw@mcwpc.com

| | | | |
|---|---|---|---|
| JEFFREY A. MARSHALL | DANIEL A. ALTER | DAVID A. RICHMAN^ | **NEW JERSEY OFFICE** |
| ROBERT J. CONWAY | WILLIAM J. EDWINS | ALLISON J.SEIDMAN ᐃ | 2500 Plaza 5 |
| CHRISTOPHER T. BRADLEY | ANNA E. GABBAY | STACEY H. SNYDER* | Harborside Financial Center |
| NORMAN J. GOLUB* | ADAM J. GOLUB* | ANDREW S. TAYLOR | Jersey City, N.J. 07311 |
| MICHAEL S. GOLLUB ᐃ | THOMAS J. NEMIA ᐃ*^ | LAUREN TURKEL | Telecopier: (201) 521-3180 |
| AMY S. WEISSMAN* | RAMY ODEH | STEVEN M. ZIOLKOWSKI* | |
| GUY P. DAUERTY | | | |

ᐃ ADMITTED IN CT.
^ ADMITTED IN WASHINGTON, D.C.
+ ADMITTED IN VA.
* ADMITTED IN N.J.

April 23, 2015

VIA ECF

Hon. Andrew L. Carter
U.S. District Court Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

  Re: *Philadelphia Indemnity Insurance Co. v. SC Academy Holdings, et al.*; 1:14-cv-07025
    Plaintiff's Request for a Pre-Motion Conference

Dear Judge Carter:

  We represent the Plaintiff, Philadelphia Indemnity Insurance Company ("Philadelphia"), in the above-captioned case. We write to request a pre-motion conference in connection with Plaintiff's proposed motion for partial summary judgment.

  Fed. R. Civ. P. 56 (b) provides that "unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." There is no local or individual rule that prevents plaintiff from filing a motion for partial summary judgment at this time.

  The basis for this motion is largely with respect to the underlying class action: *Shirley Polanco, individually and on behalf of all others similarly situated v. Star Career Academy, SC Academy Holdings, Inc. and SC Academy, Inc.*, CAM-L-415-13 ("*Polanco* Class Action"). For purposes of completeness, we note that all of the other named actions in the Complaint have been resolved.

Uniquely, the *Polanco* Class Action contains a single cause of action for breach of the New Jersey Consumer Fraud Act ("NJCFA"). Under the NJCFA, the Plaintiff's possible relief is limited to what is available by statute, *i.e.*, restitution, treble damages and attorneys' fees.

The Policies' definition of "damages" does not include "matters deemed uninsurable under the law to which this Policy shall be construed".

Under New York law, restitution is uninsurable. *Vigilant Ins. Co. v. Credit Suisse First Boston Corp.*, 10 A.D.3d 528, 528-29, 782 N.Y.S.2d 19 (2004) ("[r]estitution of ill-gotten funds does not constitute 'damages' or a 'loss' as those terms are used in insurance policies") (citing *Reliance Group Holdings, Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 188 AD2d 47, 55 (1993), *lv dismissed in part and denied in part* 82 NY2d 704 (1993); *Level 3 Communications, Inc. v Federal Ins. Co.*, 272 F3d 908, 911 (2001)).

The New York Court of Appeals in *J.P. Morgan Securities, Inc. v. Vigilant Ins. Co.*, 21 N.Y. 3d 324 (2013) clarified that restitution was uninsurable where restitution payments were "conclusively link[ed]" to improperly acquired funds in the hands of the insured. *J.P. Morgan* at 336 (citing *Millennium Partners, L.P. v. Select Ins. Co.*, 68 A.D.3d 420, 889 N.Y.S.2d 575 (2009)).

Here, any award of restitution would be conclusively linked to tuition payments made by the class of plaintiffs to the insured. The underlying Complaints allege that Star wrongfully obtained the tuition payments from the students and therefore should be ordered to refund them. This is a "conclusive link" between the restitution and the wrongfully obtained funds in the hands of the insured. Restitution in this case is uninsurable under New York law.

Moreover, the Educators Policy at issue expressly provides that "damages" shall *not* include "punitive or exemplary damages or the multiple portion of any damages award." The Directors & Officers Policies at issue expressly provide that damages shall *not* include "matters deemed uninsurable under the law to which this Policy shall be construed[.]" New York law bars coverage for punitive damages on public policy grounds. *Home Ins. Co. v. American Home Prods. Corp.*, 75 N.Y.2d 196, 551 N.Y.S.2d 481 (1990); *Hartford Acc. and Indemn. Co. v. Village of Hempstead*, 48 N.Y.2d 218, 422 N.Y.S.2d 47 (1979). Thus, for these reasons, there is *no* coverage for either punitive or treble damages under the Policies.

The Policies' definition of "damages" does not include attorneys' fees. The definition of "damages" in the Policy does not include "taxes", which is how attorneys' fees are categorized under the CFA. The New Jersey Supreme Court has ruled that attorneys' fees awarded to a successful plaintiff's attorney under the CFA are to be considered costs. *Lettenmeier v. Lube Connection Inc.*, 162 N.J. 134, 741 A.2d 591 (1999).

This motion involves pure issues of well-settled New York law, *i.e.* the interpretation of insurance policies bound, issued, and delivered in the State of New York.

We are mindful that Defendant's motion for abstention is currently pending *sub judice*. However, we are not otherwise aware of any procedural or legal impediment to the filing of this motion.

        Respectfully submitted,

        Christopher T. Bradley

cc:    John W. Schryber, Esq.
       Julie L. Hammerman, Esq.
       Alexis P. Storey, Esq.
       Martin J. O'Leary, Esq.
       Katelin B. O'Rourke Gorman, Esq.