# ReedSmith

**John W. Schryber**
Direct Phone: +1 202 414 9277
Email: jschryber@reedsmith.com

**Alexis P. Storey**
Direct Phone: +1 202 414 9269
Email: astorey@reedsmith.com

1301 K Street, N.W.
Suite 1000 - East Tower
Washington, D.C. 20005-3373
Tel +1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

May 12, 2015

**Via ECF and Electronic Mail**

The Honorable Andrew L. Carter
U.S. District Court Judge
U.S. District Court for the
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *Philadelphia Indemnity Insurance Co. v. SC Academy Holdings, Inc., et al.*, 1:14-cv-07025-ALC

Dear Judge Carter:

The undersigned represents Defendants The Culinary Academy of Long Island, Inc., The Culinary Academy of New York, Inc., SC Academy Holdings, Inc., and SC Academy, Inc. (collectively, "Star") in the above-captioned insurance coverage case.

We write to follow-up on our attached letter dated April 27, 2015. We noted in that letter that Star had noticed depositions of the Plaintiff insurer and its claims handler in the New Jersey coverage action. Plaintiff insurer filed a motion to quash these depositions, citing the fact that Plaintiff had requested a "pre-motion conference" in this later-filed parallel coverage action (despite the fact that Star's motion for abstention is still *sub judice*).

We can now inform the Court that Plaintiff's motion has been adjudicated (via a bench ruling issued by the presiding judge on Friday, May 8, 2015). Specifically, the insurer's motion was denied.

The subject depositions are scheduled to proceed on May 26, 2015.

Very truly yours,

*/s/ Alexis Storey/*

John W. Schryber
Alexis P. Storey

Enclosure

cc:    Counsel of Record

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

US_ACTIVE-122004525

# ReedSmith

**John W. Schryber**
Direct Phone: +1 202 414 9277
Email: jschryber@reedsmith.com

1301 K Street, N.W.
Suite 1100 - East Tower
Washington, D.C. 20005-3373
Tel +1 202 414 9200
Fax +1 202 414 9299
reedsmith.com

April 27, 2015

**Via ECF and Electronic Mail**

The Honorable Andrew L. Carter
U.S. District Court Judge
U.S. District Court for the
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *Philadelphia Indemnity Insurance Co. v. SC Academy Holdings, Inc., et al.*, 1:14-cv-07025-ALC; Defendants' Response to Plaintiff's Request for a Pre-Motion Conference

Dear Judge Carter:

The undersigned represents Defendants The Culinary Academy of Long Island, Inc., The Culinary Academy of New York, Inc., SC Academy Holdings, Inc., and SC Academy, Inc. (collectively, "Star") in the above-captioned insurance coverage case.

We write in response to Plaintiff Philadelphia Indemnity Insurance Co.'s ("Philadelphia") April 23, 2015 letter (ECF No. 38) requesting that Your Honor immediately institute proceedings on the merits of Philadelphia's Complaint by scheduling and holding a "pre-motion conference" on a putative "motion for summary judgment" on Philadelphia's contention that none of the insurance policies it issued to Star create the potential for coverage of a certain underlying action (the "*Polanco*" case). Star opposes Philadelphia's request on the ground that it is premature.

First, Philadelphia's request to institute proceedings that would culminate in its filing of a summary judgment motion was made despite the fact that Your Honor is currently considering Star's motion, *sub judice* since November 2014, asking this Court to *abstain* from instituting merits-related proceedings. *See* ECF 17-20, 25-26. Apparently, Philadelphia believes that it can force Your Honor's hand to institute the very proceedings for which abstention is sought – and thereby manufacture a *de facto* denial of the abstention motion – *before* Your Honor has decided the motion. It is Star's position that any pre-motion conference respecting a motion on the merits should not be scheduled while the motion for abstention is still *sub judice*.

Second, Philadelphia also puts the cart before the horse when it seeks a "conference" to discuss the appropriateness of its moving now for "summary judgment" – before it has convened, completed, or reported on the parties' Rule 26(f) conference. By statute, the first "conference" at which the Court considers "the appropriateness and timing of summary adjudication under Rule 56" is the "Pretrial Conference" mandated by Fed. R. Civ. P. 16(c)(2). However, the means by which that conference is requested is not by a letter to the Court. Rather, the Pretrial Conference is set by the Court after it has

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH ♦ HOUSTON
SINGAPORE ♦ MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ ATHENS ♦ KAZAKHSTAN

US_ACTIVE-121801381

April 27, 2015
Page 2

received a joint report of the parties' Rule 26(f) conference. Indeed, it is upon consideration of the contents of the joint report of the parties' Rule 26(f) conference that the Court determines, at the Pretrial Conference, "the appropriateness and timing of summary adjudication under Rule 56." Fed. R. Civ. P. 16(c)(2)(E). After considering the joint report on that issue at the Pretrial Conference, the Rules provide that the Court will issue a "scheduling order." Rule 16(b)(1). As noted, however, Philadelphia has not only failed to issue the joint report that triggers the "pre-motion conference" for a summary judgment motion, but it has not even attempted to convene a Rule 26(f) meeting.

Third, the point of a pre-motion conference for a putative motion for "summary judgment" is to establish that to the extent any discovery is necessary to oppose the motion, the opposing party has had the opportunity to take such discovery. The putative movant – Philadelphia – has not even provided mandatory discovery. Further, Philadelphia's putative motion necessarily is based on undisclosed developments since August 26, 2014. At that time, Philadelphia issued a coverage position letter to Star stating that Philadelphia did *not* dispute that the facts established that *Polanco does* create the potential for coverage. *See* ECF No. 19-12 at 2 ("Philadelphia has concluded that the captioned [*Polanco*] matter[] present[s] a potential for coverage for Loss the Insureds may sustain as a consequence of their Wrongful Acts."). Indeed, Philadelphia issued its letter to this Court on the day immediately after Star issued, in the New Jersey action, requests for admissions as to why Philadelphia changed its position on the coverage potential created by *Polanco*. Either new facts exist (which require discovery) or Philadelphia has changed its coverage position to deny coverage arbitrarily (which would itself be actionable). In light of Philadelphia's change of position (and other aspects of its handling of the *Polanco* claim), a deposition of its claims handler has been noticed for May 26th in the New Jersey action. The statements made by Philadelphia in the course of discovery in the New Jersey action will be statements admissible in this action (if abstention is denied) as party admissions. Because the deadline for discovery in the New Jersey action is June 11th, Star respectfully submits that it would make little sense to go forward, at this time in this action, with summary judgment proceedings on an issue that remains the subject of pending discovery in the New Jersey action.

Thus, Star respectfully requests that the Court reject, at this time, Philadelphia's *ultra vires* request for a conference addressing the appropriateness and timing of summary adjudication under Rule 56.

Very truly yours,

John W. Schryber

cc:     Counsel of Record