UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

PHILADELPHIA INDEMNITY
INSURANCE CO.,

                Plaintiff,

                - against -

SC ACADEMY HOLDINGS, INC., et al.,

                Defendants.

------------------------------------------------------------x

1:14-cv-07025 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Philadelphia Indemnity Insurance Co. ("Plaintiff") commenced this action on August 28, 2014 against SC Academy Holdings, Inc., SC Academy, Inc., Culinary Academy of Long Island, Inc., and Culinary Academy of New York, Inc. (collectively, "Defendants") under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*[1] In the Complaint, Plaintiff seeks a declaration that it is not obligated to defend and indemnify Defendants under 12 insurance policies issued by Plaintiff that are implicated in seven lawsuits against Defendants filed by students of certain medical technology programs. On October 30, 2014, Defendants filed a Motion to Dismiss on federal abstention grounds, arguing that abstention was appropriate because of the coverage action they had already filed in state court in Camden County, New Jersey on August 20, 2014.[2] In a letter filed on April 23, 2015, Plaintiff advised the Court that

---

1 The statute states, in relevant part: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201(a).
2 Defendants filed a First Amended Complaint on August 29, 2014.

1

all but one of the seven lawsuits named in the Complaint—a class action in New Jersey state court involving a single claim under the New Jersey Consumer Fraud Act ("NJCFA")—had been resolved. Accordingly, the Court confines its abstention analysis to that litigation. Defendants' Motion to Dismiss is GRANTED on abstention grounds and, consequently, Plaintiff's April 23, 2015 letter request for a pre-motion conference is moot.

## DISCUSSION

Under the Declaratory Judgment Act, courts possess "unique and substantial discretion" in deciding whether to pronounce the rights of litigants. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "On its face, the statute provides that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Id.* (citing 28 U.S.C. § 2201(a)) (emphasis in original). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Federal courts have considered the following factors in deciding whether to abstain in a declaratory judgment suit where there exists a parallel action in state court:

> (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; (4) whether such parties are amenable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law.

*Ace Am. Ins. Co. v. Graftech Int'l Ltd.*, No. 12 Civ. 6355, 2014 WL 2884681, at *4 (S.D.N.Y. June 24, 2014). What is more, "[federal] district courts routinely invoke the doctrine of abstention in insurance coverage actions, which necessarily turn on issues of state law."

*Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.*, No. 02 Civ. 9800, 2004 WL 193564, at *2 (S.D.N.Y. Feb. 3, 2004).

There is no indication that the scope of this suit is broader than that of the coverage action in New Jersey state court, which was filed earlier and is well underway. Indeed, the presiding judge in the New Jersey coverage action has made numerous rulings, and Defendants' most recent submission to the Court advised that depositions of Plaintiff and its claims handler were set to begin on May 26, 2015.[3] Moreover, Plaintiff can invoke every defense available to it in this action in the parallel proceeding. Likewise, there is no indication that the claims of all parties in interest cannot satisfactorily be adjudicated in the concurrent state action; rather, it is intuitive that a New Jersey state court would have more experience construing the New Jersey Consumer Fraud Act than a federal court in New York.[4] *See Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 479 (S.D.N.Y. 2006) ("where there are state law claims, the forum's familiarity with governing law supports retention of the action") (internal quotation marks omitted).

Further, the Court cannot find support for the proposition that the necessary parties have not been joined in both actions, or that the parties are amenable to suit in New York but not the geographically proximate state of New Jersey, where judges routinely construe the laws of other states when necessary. Of course, any suggestion that the parties are not amenable to process in New Jersey is belied by the fact that Plaintiff initially filed three declaratory judgment actions in New Jersey seeking determinations of its coverage obligations. The same reasons undercut any

---

3 Plaintiff has not controverted Defendants' representation regarding the schedule for depositions.
4 Plaintiff invokes the same logic in a different argument: "This Court, rather than a New Jersey State Court, is more familiar with the interpretation and application of the governing New York law .... Accordingly, this insurance coverage dispute belongs here, in the Southern District of New York." Mem. of Law in Opp'n to Defs.' Mot. Dismiss 1.

intimation that litigating the rights and obligations of the parties in New Jersey is a more than *de minimis* inconvenience for Plaintiff. The instant action requesting a determination of obligations under the insurance policies is duplicative of the parallel coverage litigation in New Jersey because Plaintiff's obligations under the same policies will necessarily be adjudicated in that action. It would thus be a waste of judicial resources, and potentially confusing, for this Court to weigh in at such a late hour.

The policy interest of avoiding forum shopping supports abstention. *Ace Am. Ins. Co.*, 2014 WL 2884681, at *5. Plaintiff concedes that it filed three successive declaratory judgment actions in New Jersey court in pursuit of the same relief it now requests of this Court. Plaintiff has been relatively forthcoming in describing its calculation that a New York choice-of-law analysis will result in the application of New York substantive law in construing the enforceability of certain insurance policy provisions. The obvious inference is that Plaintiff estimates a New Jersey choice-of-law analysis might result in the application of New Jersey substantive law. Plaintiff submits that the students in the class action litigation seek punitive damages and restitution under the New Jersey Consumer Fraud Act, and that under New York law—unlike New Jersey law—insurance provisions purporting to provide coverage for those categories of damages are unenforceable.

Perhaps most of all, and contrary to what Plaintiff argues, the absence of federal law in this suit vitiates Plaintiff's request that the Court declare its rights and obligations. *Travelers Indem. Co.*, 2004 WL 193564, at *3 ("While the parties may disagree as to which state's law will ultimately apply, it is clear that state law, not federal law, will govern the resolution of the underlying claims in this insurance coverage action. This absence of federal issues weights heavily in favor of abstention."); *Reliance Ins. Co. of Ill. v. Multi-Fin. Sec. Corp.*, No. 94 Civ.

6971, 1996 WL 61763, at *3 (S.D.N.Y. Feb. 13, 1996) ("Tipping heavily in favor of abstention in this case, given the *Wilton* and *Youell* emphasis against abstention when federal law supplies the rule of decision, is the fact that state law will govern the outcome of this action.").

## CONCLUSION

For the aforementioned reasons, Defendants' Motion to Dismiss is GRANTED on abstention grounds and the Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:  New York, New York
        July 1, 2015

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**